IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; UMG RECORDINGS, INC., a Delaware corporation; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation,<br><br>  Plaintiffs,<br><br>vs.<br><br>HAROLD WALLS,<br><br>  Defendant. | Civil Action. No.:  3:05-cv-00599-MEF-DRB |

### PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO EFFECTUATE SERVICE

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiffs ask this Court for an additional 60 days to serve the Defendant with the Summons and Complaint. In support, Plaintiffs state as follows:

1. The Plaintiffs filed their Complaint on June 24, 2005. At the time of the filing, Plaintiffs immediately engaged a process server to serve the Defendant with process.

2. The process server attempted to serve the Defendant at the address listed on the Summons, but was advised by a current occupant that the Defendant no longer resides there. Plaintiffs then conducted an investigation and located an alternative address for the defendant. Plaintiffs recently had the Court issue an alias summons. Plaintiffs are currently

162189.1

attempting to serve the Defendant at the address listed on the alias summons, and therefore ask this Court for additional time to effectuate service.

      3.    Plaintiffs' diligence in seeking to serve the Defendant demonstrates the "good cause" required under Rule 4 for an extension of the time for service. *See Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (court must grant extension of service deadline upon a showing of good cause). This Court has discretion to enlarge the time to serve even where there is no good cause shown. *See Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996).

      4.    Because the copyright infringements alleged here occurred just last year, the 3-year limitations period for these claims has not expired. *See* 17 U.S.C.A. § 507(b) (West 1996). There can thus be no prejudice to the defendant from any delay in serving the complaint.

WHEREFORE, Plaintiffs respectfully request that this Court grant Plaintiffs an additional 60 days to serve the Defendant with the Summons and Complaint.

Respectfully submitted,

DATED: October 27, 2005

/s Leslie E. Williams
Dorman Walker (Bar # WAL086)
Leslie E. Williams (Bar # WIL318)
BALCH & BINGHAM LLP
2 Dexter Avenue
P.O. Box 78 (36101)
Montgomery, Alabama 36104
Telephone: (334) 834-6500
Fax: (334) 269-3115

ATTORNEYS FOR PLAINTIFFS

162189.1

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the defendant on October 27, 2005 by leaving the copy with the clerk of the court pursuant to Federal Rule of Civil Procedure 5(b).

/s Leslie E. Williams
OF COUNSEL

162189.1